## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 08-40075-01-JAR** |
| **THOMAS MORRIS,** | |
| **Defendant**, | |
| **and** | |
| **HILL'S PET NUTRITION, INC.**<br>**ATTN: LEGAL DEPARTMENT**<br>**400 SW 8TH AVE.**<br>**TOPEKA, KS 66603** | |
| **Garnishee.** | |

## MEMORANDUM AND ORDER GRANTING MOTION FOR GARNISHEE ORDER AND DENYING REQUEST FOR HEARING

This matter comes before the Court on Defendant Thomas Morris's Request for Hearing (Doc. 26) on the Writ of Continuing Garnishment issued by the government to his employer, Hill's Pet Nutrition, Inc. ("Hill's"). The government has responded to Defendant's request, objecting to a hearing, and has filed Motion for Garnishee Order (Doc. 30) against Defendant. For the reasons discussed below, Defendant's motion for hearing is denied, and Plaintiff's motion is granted.

I.      **Background**

After Defendant pleaded guilty to embezzlement by a bank employee under 18 U.S.C.

§ 656, this Court imposed a sentence of no imprisonment, followed by a three-year term of supervised release.[1]  Pursuant to the guilty plea, restitution judgment was entered in the amount of $47,351.93.[2]

The government states that there is currently due and owing on Defendant's criminal restitution judgment the sum of $38,077.93.  The last voluntary payment made by Defendant was received by the Clerk of the Court on July 28, 2021.

The government filed a Writ of Garnishment against the property of Defendant being held by Garnishee Hill's on September 30, 2021.[3]  A certified copy of the Writ of Continuing Garnishment, a copy of the Important Statement, and a blank Answer of the Garnishee were mailed to Hill's on September 30, 2021, by certified mail.  Hill's answer was due on October 18, 2021.

The government also mailed a copy of the Writ of Continuing Garnishment, Instructions to Debtor, Clerk's Notice of Post-Judgment Garnishment, Notice to Defendant Debtor on How to Claim Exemptions, Major Exemptions Under Federal Law, along with the Notice of Garnishment and Instructions to Defendant on October 6, 2021.[4]  Defendant filed a request for hearing on the garnishment on October 12, 2021.  The government filed an objection to Defendant's request for hearing.[5]

Hill's received the documents on October 5, 2021, and filed an Answer on November 15, 2021, stating that at the time of the service of the Writ, it had in its possession or under its

---

[1] Docs. 12, 17.

[2] Doc. 17.

[3] Doc. 24.

[4] Doc. 25.

[5] Doc. 27.

control personal property belonging to and due Defendant, in the form of earnings.[6]  The

government subsequently moved for a Garnishee Order.

## II.    Discussion

The government moves for a Garnishee Order providing that Hill's pay 25% of

Defendant's disposable earnings for each pay period until the restitution judgment is paid in full

or until further order of this Court.  Defendant requests a hearing to propose a payment plan that

is less than the 25% of his earnings sought by the government.

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*,

provides civil collection remedies for the government to collect debts owed to the United States,

including criminal restitution.[7]  A writ of garnishment is one of the FDCPA enforcement

remedies available to the government to collect unpaid restitution owed by a defendant.[8]

Specifically, § 3205(a) authorizes the court to enter a writ of garnishment against property in

which a defendant "has a substantial nonexempt interest" that is in the "possession, custody, or

control of a person other than the debtor."

Section 3202(d) authorizes a debtor to request a hearing on a writ of garnishment and is

set forth in the Instructions to Debtor.[9]  The right to a hearing is not absolute, however, and

"[c]ourts routinely deny a request for 'hearing where the debtor did not object based on one of

the issues specified in [section 3202]."[10]  Specifically, the issues at a hearing regarding

enforcement of a criminal judgment are limited to: (1) the probable validity of any claim of

---

[6] Doc. 28

[7] 28 U.S.C. § 3002(3)(B).

[8] *Id.* § 3205.

[9] Doc. 24-1.

[10] *United States v. Greene*, No. 1:15CR133-1, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016) (quoting *United States v. Page*, No. 1:13CV119, 2013 WL 2945070, at *5 (N.D. W. Va. June 14, 2013)).

exemption by the judgment debtor, and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted.[11]  Subparagraph (3) pertains only if the judgment was entered by default and is thus not applicable when the underlying judgment is a criminal judgment.  An objection outside of these issues does not require a hearing.[12]  The party challenging a garnishment must state the grounds for the objection and has the burden of proving the grounds for that objection.[13]

Here, Defendant does not advance any claim that the garnishment was not properly issued, or that it attached to any exempt property rights by exceeding the 25% authorized by 15 U.S.C. § 1673(a)(1).  In fact, Defendant does not assert any specific objections to the garnishment for purposes of requesting the hearing.  Accordingly, his request for hearing is denied.

The Court finds that the writ was properly issued and served in this case on Hill's and Defendant.  More than twenty days have elapsed since Hill's filed the Answer, and more than twenty days have passed since Defendant and all potentially interested persons have been served. Other than Defendant's request for hearing, no objections have been filed.  The Court thus grants the government's Motion for Garnishee Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Thomas Morris's Request for Hearing on Garnishment (Doc. 26) is **denied**.

**IT IS FURTHER ORDERED** that the Plaintiff United States of America's Motion for Garnishee Order (Doc. 30) is **granted**.  The Garnishee, Hill's Pet Nutrition, Inc., shall pay 25%

---

[11] 28 U.S.C. § 3202(d)(1)-(2).

[12] *See Greene*, 2016 WL 3526054, at *5.

[13] 28 U.S.C. § 3205(c)(5).

of Defendant's disposable earnings each pay period, beginning October 5, 2021, to Plaintiff and continue the payments until the debt to Plaintiff is paid in full, or until Hill's no longer has custody, possession, or control of any property belonging to Defendant, or until further Order of this Court.  Payments should be made payable to the "Clerk, U.S. District Court," and forwarded to the United States District Court Clerk, 401 N. Market, Room 204, Wichita, Kansas 67202.

**IT IS SO ORDERED.**

Dated: December 16, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE